UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BOBBY SMITH,**

  **Plaintiff,**

             Case No. 06-CV-13301
v.            HONORABLE DENISE PAGE HOOD

**ALLAN BOSSEL,**

  **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation dated October 30, 2008. On September 28, 2008, Defendant filed a Motion for Summary Judgment to which Plaintiff responded. Magistrate Judge Pepe recommended that this court deny Defendant's Motion for Summary Judgment. Defendant filed objections to Magistrate Judge Pepe's Report and Recommendation on November 14, 2008.

**II. STANDARD OF REVIEW**

  **A. Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Defendant was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Defendant filed timely objections to the Magistrate Judge's recommendation on November 14, 2008.

### B.    Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

> case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the non-movant must do more than present "some evidence" of a disputed fact. "If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a non-movant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III.  APPLICABLE LAW & ANALYSIS

Defendant raises one objection to the Magistrate Judge's Report and Recommendation. Defendant asserts that the Magistrate Judge erred in recommending that Plaintiff's First Amendment mail claim proceed. The Magistrate Judge found that Defendant failed to establish there was no genuine issue of material fact. Defendant did not specify why he had reasonable suspicion that the letter posed a threat to prison security or regulations, nor did he indicate that the letter was read in compliance with a policy directive which meets the *Martinez* standard of being "generally necessary" to a legitimate governmental interest. *Procunier v. Martinez*, 416 U.S. 396, 414 (1974). Conversely, the Magistrate Judge found that Plaintiff had provided sufficient evidence in support of his allegation that Defendant's actions in reading Plaintiff's letter were arbitrary and capricious. In his objection, Defendant claims that he provided in his affidavit that he performed the search pursuant to policy directives 04.04.110 and 05.03.118. Defendant also claims that he performed the

search uniformly or in the same manner as other cell searches. Defendant asserts that he was "informed in training that pursuant to policy directive 04.04.110, all prisoners' possessions are subject to search without suspicion that contraband was present." *See* Def.'s Mot. For Summ. J., Ex. B, Dkt. No. 28. According to Defendant, this is because prisoners' letters sometimes contain contraband or written threats. *Id*.

In this case, Defendant still has not met his burden by demonstrating that there is no genuine issue as to any material fact. Particularly, he has not shown that the letter raised reasonable suspicion that prison security or regulations were being violated. Defendant has only claimed that the policy directives allowed him to randomly search Plaintiff's cell but has not proven that the policy directives allowed him to open the letter and read it.[1] Therefore, this Court finds that the evidence is not such that a reasonable jury could find only for the moving party. Thus, this Court cannot dismiss Plaintiff's First Amendment claim.[2]

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe **[Docket No. 32]** dated October 30, 2008, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

---

[1] The Court notes that Defendant has failed to provide copies of MDOC PD 04.04.110 or PD 05.03.118 for the Court's review.

[2] Whether or not Defendant was actually taught during training that he could search all prisoners' outgoing mail as his affidavit appears to suggest, such a policy does not appear to comport with the mandates of the Supreme Court in that allowing all outgoing mail to be opened and read "is unnecessarily broad" and may be greater than necessary to protect the government interest involved. *See Procunier*, 416 U.S. at 413-14.

IT IS FURTHER ORDERED that Defendant's Objections to Magistrate's Report and Recommendation **[Docket No. 33, filed November 14, 2008]** are DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 27, filed September 4, 2008}** is DENIED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager