UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY SMITH,

        Plaintiff,

v.

ALLAN BOSSEL,

        Defendant.
                                          /

No. 06-13301

District Judge Denise Page Hood

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion for Summary Judgment [Docket #47], filed on April 29, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED under the law of the case doctrine.

**I.    BACKGROUND**

Plaintiff Bobby Smith, a the time a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging violations of his First, Eighth and Fourteenth Amendment rights. The Defendant previously filed a motion for summary judgment on September 28, 2008 [Docket #28]. Magistrate Judge Pepe, to whom this case was originally assigned, filed a Report and Recommendation ("R&R") on October 30, 2008, recommending that the motion for summary judgment be denied. Magistrate Judge Pepe recited the facts as follows:

> "On July 20, 2003, the plaintiff filed a grievance against Defendant Bossel, the contents of which are unconfirmed, yet uncontroverted, because as the Defendant states in his motion for summary judgment, 'The defendants do not currently have a copy of the plaintiff's grievance, so they will assume for purposes of this motion that the plaintiff engaged in protected conduct.' It is Plaintiff's belief that Defendant then retaliated against him on

December 1, 2003, by searching his cell. Defendant claims that he was assigned to the Plaintiff's unit on the date in question and conducted a random cell search of cell 2-249, which happened to be Plaintiff's cell. During that search, Defendant read a letter of the Plaintiff's that was in an envelope. According to Defendant the envelope was stamped but unsealed. The Plaintiff, however, claims that the envelope was sealed. The envelope which was taken under the control of Defendant and the MDOC has been destroyed.

"Plaintiff alleges that the Defendant read the letter out loud to the plaintff's cellmate in an attempt to engender strife between the two, a charge Defendant denies. The contents of the letter were of concern to Defendant Bossel, accordingly he wrote a notice of intent (NOI) on the Plaintiff. The passage that caused Defendant concern were, in his interpretation, sexually predatory in nature. The plaintiff had written, 'This female name[d] Mrs. Seely wants to get some jungle fever, but its [sic] to[o] many loose lips, so she can't act out her true fantasies if the opportunity presented itself!' Defendant claims he read the letter as he was taught to do so in training but did not read the contents aloud; he asked Plaintiff if he was having problems with his cellmate Jordan. As a result of the NOI, Plaintiff lost his kitchen job.

"Plaintiff also alleges that Defendant retaliated against him by writing a 'false' threatening behavior ticket, on which he was found not guilty. Defendant claims that there were actually two charges–Threatening Behavior and Creating a Disturbance–to which the Plaintiff was found guilty of the Creating a Disturbance charge, but conceded Plaintiff was found not guilty on the other charge." (Docket citations omitted).

In his R&R, Magistrate Judge Pepe found that there were genuine issues of material fact as to both the First Amendment claim and the retaliation claim. He also found that the Defendant was not entitled to qualified immunity. Defendant filed an objection to the R&R, directed only at the First Amendment claim. Defendant did not object to recommendation as to retaliation or qualified immunity. *See Defendant's Objection to R&R*, Docket #33. On June 5, 2009, Judge Hood entered an Order Accepting Report and Recommendation, and denying summary judgment [Docket #34]. Noting that Defendant's sole objection was that "the Magistrate Judge erred in recommending that Plaintiff's First Amendment mail claim proceed," Judge Hood found that there were indeed issues of material fact. The judge relied on the Supreme Court's

decision in *Procunier v. Martinez*, 416 U.S. 396 (1974). *See* Order, Docket #34, pp. 3-4.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

In the present motion, the Defendant raises two issues. First, he argues that the alleged reading of the Plaintiff's letter did not violate Plaintiff's constitutional rights under the First Amendment, and therefore he is entitled to qualified immunity. Secondly, he argues that the retaliation claim should be dismissed because Plaintiff did not suffer an adverse action, as required under *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

These arguments must be rejected, and summary judgment must be denied, for two reasons. First, these two issues have already been ruled on, and the Court's previous order denying summary judgment is law of the case. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). Moreover, "[i]ssues decided at an early stage of litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 865 F.2d 761, 766 (6th Cir. 1989)(quoting *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.,* 761 F.2d 649, 657 (Fed.Cir.), *cert. denied,* 474 U.S. 902 (1985)).

Both Magistrate Judge Pepe's R&R and this Court's order of June 5, 2009 rejected the Defendant's challenge to the First Amendment claim. Citing *Procunier v. Martinez, supra*, and *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003), Magistrate Judge Pepe wrote as

follows:

> "In this case, Defendant is unable to articulate those aspects about this letter that created a reasonable suspicion that prison security or regulations were being violated. Nor does he provide an explanation that he read the letter pursuant to a uniformly applied policy directive or regulation that meets the *Martinez* standard of being 'generally necessary' to a legitimate governmental interest such as maintaining order or security. *Procunier v. Martinez*, 416 US. at 414. Defendant only offers that the letter was in an unsealed envelope and in plain view. These two characteristics, however, do not give Defendant the justification to open Plaintiff's mail." Docket #32, pp. 5-6.

Adopting the R&R, Judge Hood, also citing *Procunier v. Martinez*, wrote in her June 5, 2009 order:

> "In this case, Defendant still has not met his burden by demonstrating that there is no genuine issue as to any material fact. Particularly, he has not shown that the letter raised reasonable suspicion that prison security or regulations were being violated. Defendant has only claimed that the policy directives allowed him to randomly search Plaintiff's cell but has not proven that the policy directives allowed him to open the letter and read it. Therefore, this Court finds that the evidence is not such that a reasonable jury could find only for the moving party. Thus, this Court cannot dismiss Plaintiff's First Amendment claim." Docket #34, p. 4.

An exception to the law of the case doctrine exists where "controlling authority has since made a contrary decision of law applicable to such issues." *Coal Resources, Inc.*, *supra* at 766. The Defendant cites *Stanley v. Vining*, 602 F.3d 767 (6th Cir. 2010), as a recent case that has "clarified that although a prisoner 'has a First Amendment right to be free from unreasonable mail censorship, he has no First Amendment right that prevents a guard from opening his mail in his presence and reading it with an eye to determining if illegal conduct is afoot.'" *Defendant's Motion*, Docket #47, p. 2., quoting *Stanley*, 602 F.3d at 770. However, *Stanley* is neither controlling authority nor contrary to the prior holdings of this Court. The complaint in *Stanley* alleged a procedural due process violation based on a prison guard opening and reading the plaintiff's legal mail, in violation of a policy directive. The Court, citing *Procunier v. Martinez*, recognized that

prison inmates have a liberty interest in their mail, grounded in the First Amendment. However, the Court went on to find that there was no violation of prison policy, and hence no First Amendment/Due Process violation:

> "But Stanley received a hearing as a part of the prison grievance procedure. The hearing officer ruled against Stanley finding that the prison guard had not read his mail in violation of prison policy. Thus, the defendants have provided Stanley with a post-deprivation hearing and have not violated procedural due process." 602 F.2d at 769-70.

In the present case, both Magistrate Judge Pepe and Judge Hood have found that unlike the situation in *Stanley*, there was a question of material fact as to whether the Defendant violated prison policy in a manner that also infringed on the Plaintiff's First Amendment rights. Further, the Defendant does not address the factual allegation that not only did the Defendant open his letter, but he read it aloud in a manner that created strife between the Plaintiff and his cellmate.

Aside from the fact that the statement in *Stanley* that Defendant quotes is dicta, and that *Stanley* is factually distinguishable in any event, the *Stanley* decision in no way modifies *Sallier v. Brooks, supra*, and it certainly cannot overrule *Procunier*. To the contrary, *Stanley* recognizes the continuing validity of *Procunier*.

Likewise as to the Plaintiff's retaliation claim, the Defendant raises no new facts or controlling authority that would commend revisiting this Court's previous decisions. In sum, the law of the case doctrine requires that Defendant's motion be denied.

There is a second reason for denying the Defendant's motion as to the retaliation claim and as to his claim of qualified immunity. When Magistrate Judge Pepe considered and rejected the Defendant's arguments in his October 30, 2008 R&R, the Defendant did not specifically challenge those finding, limiting his objections to only the First Amendment issue. He thus waived any right to appeal or reconsider those two issues.

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991). Having waived appeal, the Defendant cannot now resurrect the issues under the guise of a second motion for summary judgment.

## IV.    CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Docket #47] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.

                                              s/R. Steven Whalen  
                                              R. STEVEN WHALEN  
                                              UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 13, 2010.

                                              s/Susan Jefferson  
                                              Case Manager