**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BOBBY SMITH,

       Plaintiff,                         Case No. 06-13301
                                             Honorable Denise Page Hood

   v.

ALLAN BOSSEL,

       Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION,
ORDER REFERRING THE MATTER BACK TO THE MAGISTRATE JUDGE, and
NOTICE OF SETTING FINAL PRETRIAL CONFERENCE DATE**

**I. Introduction**

This matter is before the court on Magistrate Judge R. Steven Whalen's Report and Recommendation, dated September 13, 2010 [Dkt. No. 55]. Objections were filed on September 24, 2010 [Dkt. No. 56].

Plaintiff, Bobby Smith ("Smith"), filed this action, pro se, on July 21, 2006, as a prisoner of the State of Michigan. The Defendant, Allan Bossel ("Bossel"), filed a motion for summary judgment on September 4, 2008 [Dkt. No. 27]. Magistrate Judge Steven D. Pepe filed a Report and Recommendation ("R&R") on October 30, 2008 denying the motion for summary judgment. [Dkt. No. 32]. Defendant filed an objection to the R&R on November 14, 2008 [Dkt. No. 33]. The Court denied the objections to the R&R and adopted the R&R of the Magistrate Judge. The Defendant then filed a second motion for summary judgment on April 29, 2010 [Dkt. No. 47]. Magistrate Judge Whalen filed an R&R denying the motion for summary judgment on September 13, 2010 [Dkt. No. 55]. Objections were filed on September 24, 2010 [Dkt. No. 56].

In his objections, Defendant argues that the law of the case doctrine is not absolute and

the Court has failed to consider the law cited in the second motion for summary judgment.

## II. Standard of Review

### A. Report and Recommendation

The standard of review when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B. Summary Judgment

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled as a mater of law. Fed. R. Civ. P. 56(c)(2).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.,* 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. Of Educ.,* 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

**III. Applicable Law & Analysis**

The Court agrees with the Magistrate Judge that the law of the case doctrine is applicable to the current motion for summary judgment and "should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The original R&R denied the Defendant's motion for summary judgment and was accepted by the Court. The Court agrees with the Magistrate Judge that the ruling in *Stanley v. Vining*, 602 F.3d 767 (6th Cir. 2010) is not contrary to the prior decision of this Court. As noted by the Magistrate Judge, the *Stanley* case involved a procedural due process violation whereas in this case, the First Amendment is implicated.

The Court agrees with the Magistrate Judge that the motion for summary judgment with

3

respect to the retaliation claim and as to his claim of qualified immunity should be denied for a second reason. When the Magistrate Judge denied the original motion for summary judgment, the Defendant failed to object to both claims, thereby waiving his right to appeal those two issues. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). The Court agrees with the Magistrate Judge that the Defendant may not now raise these issues.

**IV. Conclusion**

For the reasons set forth above, the defendant's motion for summary judgment is denied. Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's September 13, 2010 Report and Recommendation **[No. 55, 9/13/2010]** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[No. 47, 04/29/2010]** is DENIED.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) for a hearing and determination on all pretrial matters, to supervise any discovery, if required, and to ensure the preparation and completion of a proposed Joint Final Pretrial Order by January 14, 2011 for this Court's review. The Final Pretrial Conference is scheduled for **Monday, January 24, 2011, 2:00 p.m.** before this Court.

Dated: September 29, 2010

s/ DENISE PAGE HOOD
Denise Page Hood
United States District Judge