UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY SMITH,

    Plaintiff,

                                            Case No. 06-13301

v.

                                            HONORABLE DENISE PAGE HOOD

ALLAN BOSSEL,

    Defendant.

_____/

### ORDER REGARDING VARIOUS MOTIONS IN LIMINE

**I.    BACKGROUND**

Plaintiff Bobby Smith ("Smith") filed a *pro se* 42 U.S.C. § 1983 prisoner civil rights Complaint on July 21, 2006. Discovery taken and dispositive motions were filed. On May 11, 2011, counsel filed an appearance on behalf of Smith. A Final Pretrial Conference was held on September 26, 2011 before the Court and a trial date was set for November 1, 2011. The remaining claim to proceed to trial is the First Amendment retaliation claim against Defendant Allan Bossel ("Bossel") that Bossel unconstitutionally opened and read a letter Smith wrote to his mother, resulting in injury to Smith, including being placed in administrative segregation, loss of good time and a 12 month continuation by the parole board. (Doc. No. 66, 9/27/2011 JFPTO, ¶ 2)

On October 20, 2011, an Order for Administrative Closing Due to Bankruptcy Stay was entered pursuant to a notice that Bossel filed for bankruptcy. (Doc. No. 81) An Order reopening the case was entered on April 24, 2012. (Doc. No. 87) This matter is before the Court on various motions in limine filed by the parties. Responses were filed and a hearing held on the matter.

**II.    ANALYSIS**

      **A.**      **Motion in Limine by Bossel re mental or emotional damages (#70)**

Bossel seeks to exclude testimony regarding mental or emotional damages since Smith did not suffer physical damages. Smith opposes the motion claiming he is seeking compensatory, presumed and punitive damages for violations of his First Amendment rights.

Generally, § 1997e(e) precludes a plaintiff from recovery of monetary damages because the prisoner failed to demonstrate physical injury. *See, White V. Trayser,* 2011 WL 1135635 (E.D. Mich. Jan. 4, 2011)(unpublished). However, it has been held that § 1997e(3) is not applicable to a First Amendment retaliation claim. *Siggers-El v. Barlow,* 433 F.Supp.2d 811, 816 (E.D. Mich. 2006). The Court denies Bossel's Motion in Limine to preclude testimony regarding mental or emotional damages.

      **B.**      **Motion in Limine by Bossel re Witness Mary Egan (#71)**

Bossel seeks to prelude Smith's witness, Mary Egan, from testifying at trial. Smith opposes the motion. Ms. Egan is Smith's foster mother and is a frequent recipient of Smith's letters. Smith argues that although she was not present when the alleged violation occurred, she can testify as to the frequency, subject matter or candor of the letters Smith writes to her. Ms. Egan's testimony goes to the chilling factor Bossel's actions caused on Smith by the alleged violation of his constitutional rights.

The testimony may be relevant to establish as fact that Smith writes to his foster mother if the defense disputes such a fact since the letter was destroyed. This Motion in Limine is denied.

      **C.**      **Motion in Limine by Smith re Identifying Conviction (#72)**

Smith seeks to preclude testimony regarding his criminal convictions (armed robbery, assault with a deadly weapon, possession of firearm during the commission of a felony) and sentence

pursuant to Rules 403 and 609 of the Rules of Evidence. Bossel agrees that under Rule 609, unless raised at trial by Smith, there is no need to introduce the convictions. However, Bossel asserts that as to the length of the sentence, such testimony is required to show Smith's knowledge of prison procedures, which are relevant to the issues at trial. Smith argues that he will not assert he does not know the prison procedures. The length of the sentence will prejudice Smith because the jury will infer that Smith is in prison for a serious crime.

Since Bossel agrees as to not identifying the criminal convictions, that portion of the motion is granted. As to the sentence, unless Smith asserts he is unaware of the prison procedures at issue, Bossel may be allowed to a limited question regarding how long Smith has been in prison. The Motion in Limine is granted as set forth above.

### D.     Motion in Limine filed by Smith as to disciplinary history (#73)

Smith seeks to exclude testimony as to his disciplinary history, other than those related to this action. Bossel opposes the motion asserting the history is relevant. Bossel identified four exhibits he seeks to present at trial. These items are dated 2004.

The incident at issue took place in December 2003. Smith's claim is that subsequent disciplinary actions and denial of parole resulted from Smith filing a grievance about Bossel's actions related to the letter to Smith's mother. To that end, those actions which Smith identifies were in retaliation to his grievance are relevant, in addition to the parole file relating to the denial of parole, may be relevant. The items are relevant to rebut Smith's claim that the actions were in retaliation to his grievance. The probative value of the evidence outweighs any prejudice since Smith raised the retaliation issue. Smith's Motion in Limine is denied without prejudice. The Court reserves the right to address the issue of these exhibits further at trial.

    **E.**    **Motion in Limine filed by Smith re parole file (#75)**

Smith seeks to exclude testimony regarding his parole file. Bossel opposes the motion arguing that Smith's claim is that he was denied parole in retaliation for his grievances.

Because Smith has raised the denial of parole as retaliation, the parole file may be relevant. However, anything prior to the incident of December 2003 is not relevant. The parole board's decision relating to incidents after that time may be relevant in that they may or may not have relied on incidents or disciplinary proceedings after December 2003 in the decision to deny parole. The Motion in Limine is granted as to documents prior to December 2003; the motion is denied without prejudice as to documents after December 2003. The Court reserves the right to review these exhibits further at trial.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion in LImine regarding mental/emotional Damages (Doc. No. 70) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine regarding witness Mary Egan (Doc. No. 71) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine regarding identifying the conviction (Doc. No. 72) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion in LImine regarding disciplinary records while in custody (Doc. No. 73) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine regarding the parole file (Doc. No. 75) is GRANTED IN PART as to items before December 2003 and DENIED IN PART

without prejudice as to items after December 2003.

                                                         S/Denise Page Hood
                                                         Denise Page Hood
                                                         United States District Judge

Dated: July 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2012, by electronic and/or ordinary mail.

                                                         S/LaShawn R. Saulsberry
                                                         Case Manager