# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BOBBY SMITH,

      Plaintiff,                                 Case No. 06-13301
                                                        Honorable Denise Page Hood

v.

ALLAN BOSSEL,

      Defendant.

_____/

## ORDER DISMISSING CASE FOR LACK OF PROSECUTION

The trial date in this matter was set for August 6, 2012. Plaintiff's counsel, Defendant Allan Bossel and his counsel appeared ready for trial. Plaintiff Bobby Smith did not appear. The Court entered an order on August 6, 2012 adjourning the trial to August 7, 2012. Plaintiff failed to appear for trial on August 7, 2012. The defense moved to dismiss the case for lack of prosecution. For the reasons set forth on the record and below, the Court dismisses the case for lack of prosecution.

Rule 41(b) of the Rules of Civil Procedure provides for dismissal of a case based on lack of prosecution. Generally, where a plaintiff does not appear at the trial date, a Rule 41(b) dismissal is appropriate. *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 364 (6th Cir. 1999). "Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'" *Id.* Dismissal for failure to appear when witnesses and a jury are present and trial is ready to be commenced is proper under Rule 41(b). *Brest v. Bair,* 1993 WL 483494 at *1 (6th Cir. Nov. 23, 1993) (unpublished). Although Plaintiff's failure to appear at trial is sufficient to dismiss under Rule 41(b), the following factors have been considered in dismissals under Rule 41(b) for failure to prosecute in other circumstances, such as failure to appear at pre-trial conferences.

Four factors are considered in assessing a dismissal of a case based on failure to prosecute:

1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether the less drastic sanctions were imposed or considered before dismissal of the action. *Knoll,* 176 F.3d at 363. Weighing these factors, the Court finds dismissal is appropriate under Rule 41(b): Plaintiff's failure to appear is due to willfulness or fault; the defense is prejudiced; Plaintiff was warned that failure to appear for trial on August 7, 2012 would lead to dismissal of the case; and, the Court considered the less drastic sanction of adjourning the trial for one day before dismissing the case. A dismissal under this rule is an adjudication upon the merits. Fed. R. Civ. P. 41(b).

Accordingly,

IT IS ORDERED that the defense's oral motion to dismiss the action for lack of prosecution is GRANTED. No costs are assessed at this time.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).

IT IS FURTHER ORDERED that the Motion to Strike Plaintiff's Proposed Joint Final Pretrial Order filed by Plaintiff **(Doc. No. 109)** is MOOT.

IT IS FURTHER ORDERED that the Motion for Judgment as a Matter of Law filed by Plaintiff **(Doc. No. 112)** is MOOT.

                                        S/Denise Page Hood
                                        United States District Judge

Dated: August 7, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2012, by electronic and/or ordinary mail.

                                                      S/LaShawn R. Saulsberry
                                                     Case Manager